UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cr-00211-FDW-DCK

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| JOHNATHAN PIERRE CRAWFORD, | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Defendant's Motion for Compassionate Release, (Doc. No. 22). This motion has been fully briefed by the parties and is ripe for ruling. For the reasons that follow, the Court DENIES Defendant's motion.

In 2018, this Court sentenced Defendant to a term of imprisonment of 77 months in prison following his plea of guilty to possessing with intent to distribute crack cocaine. Defendant seeks a reduction in this sentence arguing that the Court's failure to use a "1:1" crack cocaine to powder ratio at sentencing constitutes extraordinary and compelling reasons to reduce his sentence. (Doc. No. 22). Defendant also cites to his medication condition of a pinched nerve that impairs him, arguing that although he has received treatment while in custody of BOP, it is not "suitable." (Id. at p. 16).

Generally, federal courts "may not modify a term of imprisonment once it has been imposed." Dillon v. United States, 560 U.S. 817, 819 (2010) (citing 18 U.S.C. § 3582(c)). However, the Fourth Circuit has stated that "the Covid-19 pandemic has understandably prompted an increasing number of inmates to file motions for compassionate release. . . .authoriz[ing] district courts to reduce terms of imprisonment upon finding 'extraordinary and compelling reasons.'"

1

United States v. High, 997 F.3d 181, 185 (4th Cir. 2021). Section 3582(c)(1)(A) was amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, allowing defendants to seek such reductions "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from receipt of such request." 18 U.S.C. §(c)(1)(A)(i).

Therefore, in order to grant compassionate release, this Court must: 1) determine whether extraordinary and compelling reasons warrant such a reduction; 2) determine whether such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and 3) consider the factors set forth in §3553(a) "to the extent they are applicable." 18 U.S.C. § 3582(c)(1)(A)(i); see also United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 20220), United States v. McCoy, 981 F.3d 271, 280 (4th Cir. 2020), United States v. Kibble, 992 F.3d 326, 330 (4th Cir.), cert. denied, 142 S. Ct. 383 (2021) (per curiam) (noting the district court's consideration of § 3553(a) factors should be "consistent with the applicable policy statements issued by the Sentencing Commission." (internal quotations omitted)).

Here, the Court finds that Defendant has failed to set forth sufficient extraordinary and compelling reasons to reduce his sentence. First, Defendant's argument regarding application of a 1:1 ratio is misplaced. As this Court was also the sentencing judge in this matter, the Court concludes that nothing in this record and no legal authority support application of a 1:1 ratio, either at sentencing or now. Second, Defendant has failed to provide sufficient evidence to demonstrate that his health conditions constitute extraordinary and compelling reasons for reduction, particularly where he concedes the Bureau of Prisons is providing him medical care for his

2

condition. For these reasons, the Court finds Defendant has not asserted a sufficient reason to grant compassionate release.

Even if these arguments constituted extraordinary and compelling reasons, the Court finds that consideration of the § 3553 factors counsel against granting a reduction under this record. Any decision to release an inmate pursuant to § 3582(c)(1)(A) must be consistent with the relevant sentencing factors that require the Court to impose a sentence "sufficient, but not greater than necessary" to satisfy the purposes of sentencing. 18 U.S.C. § 3553(a). Relevant factors include the nature and circumstances of the offense, the defendant's history and characteristics, and whether the sentence imposed reflects the seriousness of the offense, promotes respect for the law, deters criminal conduct, and protects the public from future crime. Id.

The Court first commends Defendant on his significant steps toward rehabilitation. However, this alone does not justify a sentence reduction. Defendant also has an extensive and violent criminal history, and the circumstances of his offense, need to protect the public, the need to provide just punishment, and the need to deter Defendant and others from engaging in drug trafficking counsels against any reduction in sentence.

IT IS THEREFORE ORDERED that Defendant's Motion for Compassionate Release (Doc. No. 22) is DENIED.

IT IS SO ORDERED.

Signed: October 5, 2022

_____
Frank D. Whitney
United States District Judge

3

Case 3:17-cr-00211-FDW-DCK   Document 36   Filed 10/05/22   Page 3 of 3